E-FILED
Wednesday, 27 May, 2026  04:11:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

JERVE NDAYIZEYE,                             )
                                             )
            Defendant-Petitioner,            )
                                             )
v.                                           )    Case No. 4:19-cr-40071-SLD-1
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
            Plaintiff-Respondent.            )

ORDER

Before the Court is Petitioner Jerve Ndayizeye's motion under 28 U.S.C. § 2255 ("2255 Motion"), ECF No. 35. For the reasons that follow, the motion is DENIED.

**BACKGROUND**

Petitioner was charged in a two-count indictment with robbery under 18 U.S.C. § 1951 and possession of a firearm in furtherance of robbery under 18 U.S.C. § 924(c). Indictment 1–2, ECF No. 1. The Federal Public Defender's office was appointed to represent him. *See* Dec. 19, 2019 Min. Entry. He pleaded guilty to robbery pursuant to a written plea agreement in October 2020. Oct. 8, 2020 Min. Entry; Plea Agreement, ECF No. 20. The plea agreement contained waivers of the right to appeal and file collateral attacks. Plea Agreement ¶¶ 10–14. The parties agreed pursuant to Federal Rule of Civil Procedure 11(c)(1)(C) that Petitioner should be sentenced to a term of 70 months of imprisonment. *Id.* ¶ 16(c). The Court accepted that agreement and sentenced Petitioner to 70 months of imprisonment. Feb. 9, 2021 Min. Entry; Judgment 1–2, ECF No. 26. The firearm charge was dismissed on the Government's motion. Feb. 9, 2021 Min. Entry; Judgment 1. Petitioner did not appeal.

In June 2024, Petitioner filed his 2255 Motion. His motion is difficult to understand, but he appears to be arguing that his conviction violates *United States v. Taylor*, 596 U.S. 845

1

(2022), *United States v. Davis*, 588 U.S. 445 (2019), and *Johnson v. United States*, 576 U.S. 591 (2015). 2255 Mot. 1–2. The Government argues that Petitioner's 2255 Motion is untimely and that the motion should be dismissed as Petitioner waived his right to bring such a motion. Resp. 1, ECF No. 41. Though he was permitted to do so, July 26, 2024 Text Order, Petitioner did not file a reply.

## DISCUSSION

The Court need only address timeliness to resolve this motion. A federal prisoner seeking to vacate his sentence under § 2255 has one year to do so, from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

Here, Petitioner's judgment was entered on February 9, 2021. Judgment 1. His conviction became final when his time to appeal passed on February 23, 2021. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013) ("[T]he one-year statute of limitations does not begin to run until the defendant is sentenced and the deadline for appeal expires."); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed. R. App. P. 4(b)(1)(A)(i) (providing that a criminal defendant has fourteen days from the entry of judgment to appeal); *cf.*

2

*Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that a conviction becomes final when the time for seeking direct review expires).  As his 2255 Motion was filed in June 2024, far more than one year after his conviction became final, it is not timely under § 2255(f)(1).

Petitioner does not allege that there was a government-created impediment—something like inability to access a library in prison, *Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013)—to his filing a § 2255 motion, *see generally* 2255 Motion, so his motion cannot be timely under § 2255(f)(2).  He also does not rely on any facts that could not have been discovered before his conviction became final, so his motion cannot be considered timely under § 2255(f)(4).

That leaves § 2255(f)(3), which provides that a § 2255 motion can be filed one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Petitioner relies on three Supreme Court cases, but only *Taylor* postdates his conviction.  *Taylor*, 596 U.S. 845, was decided on June 21, 2022.  Petitioner's 2255 Motion was filed more than a year after that, so it is not timely under § 2255(f)(3) either.

When a district court enters a final order adverse to a § 2255 applicant, it must issue or deny a certificate of appealability.  Rule 11(a), Rules Governing § 2255 Proceedings.  A court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the "court denies a . . . petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the court may grant a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473,

3

484 (2000). Jurists of reason would not debate the correctness of the Court's ruling that Petitioner's motion is untimely. Moreover, Petitioner has not made a substantial showing of the denial of a constitutional right. Two of the cases Petitioner is relying on relate to 18 U.S.C. § 924(c), *see Taylor*, 596 U.S. at 852 (holding that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c)); *Davis*, 588 U.S. at 448 (holding that the residual clause of the definition of crime of violence in § 924(c) was unconstitutionally vague), but Petitioner's §924(c) charge was dismissed by the Government. The other case relates to a sentencing enhancement under § 924(e) that only applies to § 922(g) charges. *Johnson*, 576 U.S. at 606 (holding that the residual clause of the definition of violent felony under § 924(e)(2)(B)(ii) was unconstitutional). Petitioner was convicted under § 1951, not § 922(g). The Court declines to issue a certificate of appealability.

## CONCLUSION

Accordingly, Petitioner Jerve Ndayizeye's motion under 28 U.S.C. § 2255, ECF No. 35, is DENIED as untimely. The Clerk is directed to enter judgment on the § 2255 proceeding.

Entered this 27th day of May, 2026.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE
